UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES G. WOODARD,<br><br>     Petitioner,<br><br>     v.<br><br>JOHN HOWARD PAVILION, REVIEW BOARD *et al.*,<br><br>     Respondents. | Civil Action 05-0448  (HHK) |

**MEMORANDUM OPINION**

In this action filed *pro se*, petitioner seeks a writ of *habeas corpus* to release him from his confinement at the Howard Pavilion at St. Elizabeth's Hospital resulting from criminal proceedings in the Superior Court of the District of Columbia. He also challenges the staff's treatment decisions. For the following reasons, the petition will be denied and the case dismissed.

As established by the District of Columbia's Response to Order to Show Cause (Doc. # 9), petitioner was found not guilty by reason of insanity on four counts of murder on May 29, 1975. He was committed to the custody of St. Elizabeth's Hospital pursuant to D.C. Code § 24-501 (formerly § 24-301). This statute requires that a person acquitted by reason of insanity "be committed to a hospital for the mentally ill until such time as he is eligible for release pursuant to this subsection and subsection (e) of this section." D.C. Code § 24-502(d)(1). Over the course of time, the Superior Court has conducted hearings to determine petitioner's eligibility for release and has granted him conditional releases, once spanning four years (June 1995 through November 1999). *See* District of Columbia's Response at 2. The most recent decision occurred on

December 7, 2004, when the Superior Court denied petitioner's motion for "expanded" conditional release following a hearing.[1]  *Id*. at 4; Resp. Ex. E (docket entry).

The District of Columbia asserts that no relief is warranted because petitioner has not exhausted his administrative remedies by appealing the Superior Court's most recent denial of his motion for conditional release or by seeking habeas relief in Superior Court under D.C. Code § 16-1901.  Respondent has not cited any authority to support the latter assertion and the "view" of the United States Court of Appeals for the District of Columbia Circuit is otherwise.  *See Blair-Bey v. Quick*, 151 F.3d 1036, 1045 (D.C. Cir. 1998) ("sections 16-1901 and [28 U.S.C. §] 2241 are properly conceived of as distinct, equally available avenues by which D.C. petitioners may seek habeas corpus.").  This is of no consequence, however, because under the statute governing the commitment procedures at issue here, "[a]n appeal may be taken from an order entered under this section to the court having jurisdiction to review final judgment of the court entering the order." D.C. Code § 24-501(k)(6).  Petitioner does not dispute that he did not appeal the Superior Court's decision to the Court of Appeals for the District of Columbia.  He therefore has not demonstrated his exhaustion of the local remedy.[2]  "Habeas corpus relief is not available from

---

[1] By Order of July 31, 2002, the Superior Court granted petitioner a conditional release once per month from 9 a.m. to 5 p.m., to visit his mother. The visits were at the hospital's discretion and subject to other restrictions.  *See* Resp. Ex. B.  Petitioner's subsequent motion sought his release to the community for longer periods of time and to work.  Resp. Ex. D.

[2] In his opposition (Doc. # 13), petitioner raises additional claims concerning his custody that do not appear to have been presented to the Superior Court.  These new claims may not be heard here because a committed individual "claiming the right to be released from custody, the right to any change in the conditions of his release, or other relief concerning his custody" must first file a motion in "the court having jurisdiction to order his release." D.C. Code § 24-501 (k)(1) (emphasis added).  Moreover, federal habeas corpus review is not available if, as here, "it appears that the applicant failed to apply for relief, by motion, to the court having jurisdiction to entertain a motion pursuant to this section [absent a showing] that the [local remedy] is inadequate or ineffective to test the validity of his detention."). D.C. Code § 24-501(k)(7).

this Court unless the individual has exhausted his state remedies." *Thomas v. St. Elizabeth's Hospital*, 720 F. Supp. 14, 15 (D.D.C. 1989), *aff'd*, 919 F.2d 182 (D.C. Cir., Dec. 5, 1990) (Table) (citations omitted). In light of petitioner's failure to exhaust, the petition for a writ of *habeas corpus* must be denied. A separate Order of dismissal accompanies this Memorandum Opinion.

           _____s_____
           Henry H. Kennedy, Jr.
Date: April 28, 2006        United States District Judge